[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This appeal is brought by Kellis E. Hatton, Appellant, from a judgment of the Court of Common Pleas of Defiance County, finding Hatton guilty of two counts of Trafficking in Cocaine, in violation of R.C. 2925.03(A)(C)(4)(a),(b), a felony of the fourth degree and (A)(C)(4)(d), a felony of the third degree following a jury trial. Hatton was sentenced on April 13, 1998.
From January through July of 1997, the Defiance County Sheriff's Department in connection with the Multi-Area Narcotics ("MAN") Task Force orchestrated a number of controlled drug buys using undercover informants Earl and David Jones. On January 25, 1997 and February 14, 1997, Earl and David contacted the MAN unit with information that they had arranged to buy drugs from Kellis Hatton. Before the deals were transacted, the informants met with MAN officers to have their vehicles and persons searched for drugs. Earl Jones was outfitted with a body wire to record the transactions and the informants were issued the money needed to make the buys. From a nearby location, police watched the informants enter Hatton's house and recorded the conversations that took place therein. In a matter of minutes, the deals were consummated and the informants were followed from Hatton's residence to a prearranged meeting place where the drugs were recovered by police as evidence.
On July 31, 1997, Hatton was indicted on two counts of drug trafficking for his participation in the January and February drug transactions. In November of 1997, Hatton filed three pretrial motions, which were subsequently overruled by the trial court. In March 1998, a jury trial commenced and a guilty verdict was returned as to both counts in the indictment. Hatton's conviction was journalized March 2, 1998 and he was subsequently sentenced.
On appeal, Appellant raises four issues for our consideration:
I.
 The trial court erred by not finding prejudice to the Defendant which merited dismissal of the indictment and discharging the Defendant because the State failed to provide him with a speedy trial.
In this assignment of error, Appellant claims that the six-month delay from the time of the commission of the offenses to the date of indictment violated his right to a speedy trial. Appellant first raised this issue in the trial court by way of a motion to dismiss. The trial court overruled the motion and we will likewise overrule this assignment of error.
The Supreme Court of Ohio has considered the issue of pre-indictment delay in State v. Meeker (1971), 26 Ohio St.2d 9. In Meeker, the defendant was indicted on one of four offenses stemming from the same sequence of events. Six years later, the defendant was indicted on the remaining three offenses. The court found Meeker's speedy trial rights violated because the prosecution of the second indictment occurred after the defendant had been indicted for an offense arising from the same sequence of events. The court held that "[t]he constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment."Id. at paragraph three of the syllabus. Meeker was restricted inState v. Luck (1984), 15 Ohio St.3d 150, following a United States Supreme Court opinion which held that the speedy trial guarantee under the Sixth Amendment to the United States Constitution has no applicability to pre-indictment delays. See, United States v.Marion (1971), 404 U.S. 307. Thus, in Luck the Ohio Supreme Court limited its holding in Meeker to those cases factually similar to it, which is to say that in pre-indictment delay cases, a defendant's constitutional right to a speedy trial is implicated only when the defendant has become the subject of official accusation. Luck, 15 Ohio St.3d at 153.
In this case, Appellant was not indicted for any offense arising from the sequence of events forming the basis of his current criminal convictions until July 1997. Therefore, the delay is not protected by the speedy trial guarantee contained in Section 10, Article I of the Ohio Constitution. Id.
Appellant also makes the argument that his due process rights were violated as a result of the prosecution's delay in bringing charges. We note that Appellant failed to specifically state this alleged error as a separate assignment of error, as required by Loc.R. 11(A) and (B). This court may only determine errors on appeal, which have been alleged in "the assignments of error set forth in the briefs." App. R. 12(A)(1)(b). Even assuming,arguendo, this claim was properly assigned as error, Appellant has not demonstrated substantial prejudice resulting from the six month delay, as required by United States v. Lovasco (1977),431 U.S. 783, 789-790, and Luck, 15 Ohio St.3d at 153-154. Moreover, the state's reason for delay was justified. Id. Police were in the process of an ongoing narcotics investigation, which would have been jeopardized if the identity of the undercover informants were released prematurely. The record shows that from January to July 1997, Earl Jones assisted police by participating in approximately 35 controlled drug buys.
Appellant's first assignment of error is overruled.
II.
 The trial court erred by failing to suppress testimony of the confidential informants concerning the alleged purchase of drugs due to the illegal and improper compensation of the informants.
The record shows that Earl Jones, the confidential informant used in this case, was offered leniency by the state in his own pending criminal case in exchange for his cooperation in making the controlled drug buys and in testifying in court against the sellers. Earl's brother, David, also participated as an informant in order to help Earl get a lighter sentence.
In his second assignment of error, Appellant argues that testimony offered by the informants should have been suppressed since 18 U.S.C. § 201(c)(2) prohibits giving or promising anything of value to a witness for or because of his testimony. Appellant cites the case of U.S. v. Singleton (1998), 144 F.3d 1343, in support of his contention that an offer of leniency made by the government to a witness in exchange for his testimony is illegal.
We overrule this assignment of error for the following reasons. First, even assuming the federal bribery statute is implicated in this case, the case cited by Appellant has since been reversed in U.S. v. Singleton (C.A. 10, Jan. 8, 1999), No. 97-3178, 1999 WL 6469. In this decision, the Tenth Circuit expressly stated 18 U.S.C. § 201(c)(2) did not apply to a sovereign entity. The court recognized and upheld the government's long-standing practice of offering leniency to a witness in exchange for truthful testimony. Id.; see, Hoffa v. U.S. (1966),385 U.S. 293, 310-312.
Secondly, R.C. 2921.02(C), Ohio's counterpart to the federal bribery statute, states that "[n]o person, with purpose to corrupta witness or improperly to influence him with respect to histestimony in an official proceeding * * * shall promise, offer, or give him * * * any valuable thing or valuable benefit." (Emphasis added.) There is no evidence that the government's offer of leniency to the informant in this case was offered for anything other than his truthful testimony at trial. The record is devoid of evidence suggesting such a benefit was offered by the government with the purpose to corrupt the witness or to improperly influence him. As recognized in the most recentSingleton opinion, the practice of the government in offering leniency to witnesses in exchange for truthful testimony has long been upheld at the federal and state level. Singleton, supra; see, e.g., Ricketts v. Adamson (1987), 483 U.S. 1, 3-4; State v.Hector (1969), 19 Ohio St.2d 167, 178-179.
Finally, we note that Appellant was aware that the informant in this case was offered leniency for his testimony at trial. Evid. R. 616(A) allows Appellant to impeach the witness by exposing potential biases or motives he might have to misrepresent the truth. Appellant made use of this rule and brought the government's offer of leniency to the attention of the jury during his thorough cross-examination of the informants. See, e.g.,Hector, 19 Ohio St.2d at 178-179.
For the foregoing reasons, we overruled Appellant's second assignment of error.
III.
 The trial court erred in finding the Fourth Amendment of the United States Constitution inapplicable to the instant case and not suppressing conversations which took place inside the Defendant's home.
 At the trial level, Appellant filed a motion to suppress evidence of conversations taking place inside his home. Appellant claimed that the conversations recorded by the informants while in his house should have been suppressed since they constituted an unreasonable search and seizure under the Fourth Amendment.
A hearing on Appellant's motion to suppress was held in December of 1997. The trial court subsequently overruled the motion, finding from the evidence that "no search as contemplated by the Fourth Amendment was conducted and that under the circumstances, no warrant was required * * *."
We are mindful that the trial court, as fact finder in a hearing on a motion to suppress, is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366, citingState v. Fanning, (1982), 1 Ohio St.3d 19, 20. Consequently, as an appellate court, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. Statev. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, an appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486,488.
Appellant stated to this court in his brief that, "[t]estimony relevant to this assignment is in the transcript of the suppression hearing." However, the record before this court indicates that while Appellant was granted leave to file a supplemental suppression hearing transcript in this case, he failed to do so. The appellant bears the burden of providing a record that demonstrates his claimed error. App. R. 9(B) and 10(A); Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. Moreover, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; see, also,Baker v. Cuyahoga Cty. Court of Common Pleas (1989), 61 Ohio App.3d 59,62-63. Without this transcript it impossible for this court to review the evidence forming the basis of the trial court's findings and Appellant's claim of error. Appellant's third assignment of error is overruled.
IV.
 The trial court erred in failing to suppress any evidence purporting to identify the Defendant as the perpetrator of the offense due to unduly suggestive techniques used by law enforcement officials.
On appeal, Appellant complains that the trial court should have ordered a live line-up or photo array in order to confirm the informant's identification of Appellant, rather than allowing the state to show the informant a single snap-shot allegedly taken at Appellant's arraignment.
In its judgment entry overruling Appellant's pre-trial motion on the issue, the trial court stated the following:
 As to the Defendant's Request for an Order requiring the law enforcement agency to conduct a "live" line-up for purposes of identifying the Defendant, the Court finds that this issue relates to credibility and that the evidence suggests no basis for undue suggestibility given the witnesses [sic] testimony of his prior personal familiarity with the Defendant. Therefore, the request for a "live" line-up is denied.
 Again, Appellant claims error in the trial court's decision on a motion to suppress and cites this court to the transcript of the hearing on the motion to suppress. For the reasons stated in our discussion of Appellant's third assignment of error, we must defer to the trial court's factual finding that the evidence indicated "no basis for undue suggestibility given the witnesses [sic] testimony of his prior personal familiarity with the Defendant." We add that the evidence presented at trial established the informants had known Appellant for a number of years. Moreover, Appellant did not argue mistaken identity at trial. Clearly, identity was not an issue in this case. For these reasons, we overrule Appellant's fourth assignment of error.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.